UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW G. SILVA, ) | |
| ) | |
| Plaintiff, ) | Case No. C06-984-JLR-JPD |
| ) | |
| v. ) | |
| ) | |
| GEORGE W. BUSH, *et al.*, ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendants. ) | |

Plaintiff Matthew Silva is a state prisoner who is in the custody of the Washington Department of Corrections. On October 24, 2005, plaintiff presented a civil rights complaint under 42 U.S.C. § 1983 to the United States District Court for the District of Columbia for filing. (*See* Dkt. No. 8, Attachment 3.) In his complaint, plaintiff alleged that the named defendants had conspired to violate his constitutional rights during the course of his incarceration at two King County corrections facilities in 2004 and 2005. (*See id.*) More specifically, plaintiff alleged that defendants had conspired together to violate plaintiff's right to confidential telephone conversations, to obstruct and delay plaintiff's legal mail, and to retaliate against plaintiff for exposing systemic violations of prisoners rights in King County corrections facilities. (*Id.*)

Plaintiff identified the following individuals as defendants in his complaint: George W. Bush, President of the United States; Alberto Gonzales, United States Attorney General; John

REPORT AND RECOMMENDATION
PAGE - 1

1  Potter, Postmaster General; Christine Gregoire, Governor of the State of Washington; Norm
2  Maleng, King County Prosecutor; and, Reed Holtgeerts, King County Jail Director.  (*See* Dkt. No.
3  8, Attachment 3.)  Plaintiff sought injunctive and declaratory relief and damages for the alleged
4  violations of his civil rights.  (*Id*.)

5        Plaintiff, in conjunction with his complaint, submitted to the District of Columbia court an
6  application to proceed with the action *in forma pauperis* and a motion for temporary restraining
7  order.  (*See* Dkt. No. 8, Attachments 4 and 5.)  On November 9, 2005, the District of Columbia
8  court issued an order transferring plaintiff's action to this District.  (*Id*., Attachment 1.)  In that
9  order, the court also denied plaintiff's motion for temporary restraining order.  (*Id*.)  Plaintiff's file
10 was received in this District on July 12, 2006.  (*See* Dkt. No. 8.)

11       On October 30, 2006, plaintiff's application for leave to proceed *in forma pauperis* was
12 granted and his complaint was filed in this Court.  (*See* Dkt. Nos. 18 and 19.)  On the same date,
13 this Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend.
14 (Dkt. No. 21.)  Plaintiff was advised therein that in order to adequately allege a cause of action
15 under 42 U.S.C. § 1983 he must allege facts showing how individually named defendants caused or
16 personally participated in causing the harm alleged in the complaint.  (*Id*., citing *Arnold v.*
17 *International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981)).  Plaintiff was further
18 advised that his complaint was defective because he had not alleged any facts demonstrating that any
19 of the named defendants had personally participated in causing the harm alleged in the complaint.
20 (*Id*.)

21       Plaintiff was granted thirty days within which to submit an amended complaint curing the
22 specified deficiencies, and was advised that his failure to timely submit an amended complaint
23 would result in a recommendation that this action be dismissed for failure to state a claim upon
24 which relief may be granted.  (*Id*.)  To date, plaintiff has filed no amended complaint.

25       When a complaint is frivolous, malicious, fails to state a claim on which relief may be
26 granted, or seeks monetary relief against a defendant who is immune from such relief, the Court

1 may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C.
2 § 1915(e)(2)(B).  Because plaintiff failed to amend his complaint to adequately allege a cause of
3 action under § 1983, this Court recommends that this action be dismissed, without prejudice,
4 pursuant to 28 U.S.C. § 1915(e)(2)(B).  A proposed order accompanies this Report and
5 Recommendation.

6       DATED this 2nd day of February, 2007.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge